UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CECIL EUGENE SHAW,<br>　　　　Plaintiff,<br>　v.<br>RANDY KELLEY, et al.,<br>　　　　Defendants. | Case No.16-cv-03768-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**<br>Re: Dkt. No. 66 |

On October 29, 2018, plaintiff Cecil Eugene Shaw moved for summary judgment and noticed the motion for a December 4, 2018 hearing. Dkt. No. 59. The Court subsequently granted the parties' joint request to continue the motion hearing to December 11, 2018 due to defense counsel's trial calendar. Dkt. Nos. 61, 63. The briefing deadlines, however, were not altered or amended, and defendants did not file a response to Mr. Shaw's summary judgment motion by the November 13, 2018 deadline. Civ. L.R. 7-3(a). Believing that defendants did not intend to oppose his motion for summary judgment, Mr. Shaw requested that the Court vacate the December 11 motion hearing and grant his motion for summary judgment on the papers. Dkt. No. 64. On November 29, defendants filed a belated opposition to Mr. Shaw's motion for summary judgment. Dkt. No. 65.

Mr. Shaw now moves for an order striking defendants' opposition as untimely. Dkt. No. 66. Defendants maintain that their tardy filing was due to excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure. They say that in view of the length of Mr. Shaw's summary judgment papers, and because of defendants' and defense counsel's conflicting schedules over the Thanksgiving holiday, they were unable to timely finalize and file their opposition. Dkt. No. 67.

Rule 6(b) provides that, "on motion made after the time has expired," the Court may extend the time for performing an act "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). For purposes of Rule 6(b), "excusable neglect" is judged by the standard set out in *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (observing that the *Pioneer* standard applies to Rule 6(b)). The "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Courts may, "where appropriate, . . . accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388.

In the present matter, the Court is skeptical of defendants' proffered explanation for their delay. As noted by Mr. Shaw, if defendants needed more time to file their opposition, prudent counsel should have requested an extension before the filing deadline lapsed. Prior to filing their opposition, defendants did not ask for an extension and did not even seek leave to file their tardy opposition. The record instead suggests that defense counsel erroneously believed that the time for filing an opposition was extended when the motion hearing was continued (Dkt. No. 66-1) or that defendants' belated filing may have been prompted by Mr. Shaw's request to vacate the December 11 motion hearing. At the same time, however, the length of defendants' delay (16 days) and the potential impact on the judicial proceedings is minimal. This matter currently is scheduled for a February 27, 2019 final pretrial conference and a three-day bench trial starting April 1, 2019. Further, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." Fed. R. Civ. P. 56 advisory committee's note to

2010 amendment; *see also Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) (same). Thus, Mr. Shaw would not be entitled to summary judgment unless the Court concluded that the record supported it. Mr. Shaw does not say how he has been prejudiced, if at all, by defendants' delay, and the prejudice to Mr. Shaw of having to defend his claims on the merits is minimal. *See Bateman*, 231 F.3d at 1224-25 (noting that the opposing party "would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date," but that such prejudice was insufficient to justify the denial of a request to set aside a judgment). Given the potentially dispositive nature of summary judgment, and because the Court would be aided by full briefing on the matter, and in view of the fact that the case schedule can accommodate a modest continuance, the Court concludes that the interests of justice would be best served by accepting defendants' belated opposition.

Accordingly, Mr. Shaw's motion to strike is denied. Mr. Shaw may file a summary judgment reply by December 13, 2018. The hearing on Mr. Shaw's motion for summary judgment is continued to **December 18, 2018, 10:00 a.m.**

**IT IS SO ORDERED.**

Dated: December 7, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge